Vladi GJINAJ, Petitioner,

v.

Michael MUKASEY, Attorney General of the United States,[1] Respondent.

No. 07–3506–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**32**

Sokol Braha, Esq., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Elizabeth A. Greczek, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Vladi Gjinaj, a native and citizen of Albania, seeks review of an August 2, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Vladi Gjinaj*, No. A 78 927 395 (B.I.A. Aug. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Id.* at 90. An alien is limited to one motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2). However, a motion that does not comply with this time limitation may be brought when the alien presents evidence establishing "changed country conditions arising in the country of nationality" which was undiscovered or unavailable at the time of the alien's hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). In this case, the BIA did not abuse its discretion in finding that Gjinaj's motion to reopen was untimely and that Gjinaj failed to produce sufficient evidence to establish changed country conditions in Albania.

Gjinaj argues that the BIA abused its discretion by in concluding that he failed to establish changed country conditions. However, while the BIA has an obligation to consider all evidence relevant to the petitioner's claim, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks and citations omitted). Indeed, while the BIA must take into account all the pertinent evidence, its decision may address that evidence "in summary fashion without a reviewing court presuming that it has abused its discretion." *Id.* Contrary to Gjinaj's contentions, the BIA performed a sufficiently thorough analysis of his claim of changed country conditions, and there is no reason

to conclude that the BIA did not consider all the relevant evidence in concluding that conditions had not worsened in Albania such that Gjinaj would be at risk of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 68 (2d Cir.2002).

Moreover, the BIA's conclusion that none of Gjinaj's new evidence established changed country conditions in Albania was a reasonable one. The materials Gjinaj submitted in support of his motion to reopen either had no bearing on his changed country conditions claim, pertained exclusively to events pre-dating Gjinaj's removal hearing, or indicated, at most, that conditions in Albania remained essentially unchanged. Accordingly, these materials do not demonstrate that conditions in Albania have worsened since Gjinaj's hearing such that the reopening of his removal proceedings is warranted.

In addition, the 2006 Asylum Profile for Albania states that the Democratic Party regained control of the Albanian government in parliamentary elections held in 2005. This changed circumstance seemingly makes it less, not more, likely that Gjinaj would be persecuted for his allegiance to the Democratic Party if he returned to Albania. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187–88 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.